(No. 40911.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LUTHER SANDERS, Appellant.

*Opinion filed September 24, 1968.*

STANLEY A. BASS and MELVIN B. GOLDBERG, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

On April 19, 1967, the defendant, Luther Sanders, was sentenced to six months confinement at the Illinois State Prison Farm at Vandalia after having been found guilty of petty theft at a bench trial in the circuit court of Cook County. On May 4, 1967, the defendant petitioned the circuit court for a transcript of the trial proceedings. The petition was granted on May 15 and the transcript sent to the defendant.

Thereafter, on June 14, 1967, the defendant filed a written motion with the Appellate Court, First District, requesting leave to file a late appeal and for appointment of a public defender on appeal. This motion was denied on July 7, 1967. In August, 1967, the defendant filed a written motion in the appellate court seeking to have his May 4 request for a transcript treated as a notice of appeal. This motion was likewise denied by the appellate court and we granted leave to appeal in order to review defendant's contentions that, under the circumstances here present, the appellate court's rulings deprived him of due process.

Defendant's argument that the appellate court should have treated his May 4 request for a transcript as a notice of appeal is without merit. Supreme Court Rule 606(a) (36 Ill.2d 171) governs the perfection of appeals in criminal cases and provides explicitly that, with the exception

of those cases involving a death penalty, an appeal is perfected by filing a notice of appeal with the clerk of the trial court. Rule 606(d) outlines the form to be followed in preparing such a notice. There is no authority, however, for defendant's assertion that, despite the specificity of Rule 606, the filing of a request for a transcript should be treated as a notice of appeal. In view of defendant's failure to follow the procedures set forth in the Supreme Court rules regarding the perfection of appeals, we conclude that no error was committed by the appellate court's refusal to waive the provisions of Rule 606. *Cf. People* v. *Diefenbaugh,* 40 Ill.2d 73.

Defendant's arguments in support of his contention relating to his June 14 motion to file a late notice of appeal rest in large part upon his assertion that since he informed the trial court of his desire to appeal at the time of sentencing, the clerk of the trial court under Supreme Court Rule 606(a) was charged with the duty of filing a notice of appeal for him; and that the clerk's failure to prepare and file such a notice constituted reasonable excuse for defendant's failure to file his own notice within 30 days from the judgment of conviction.

Following his sentencing, and while still in open court, the record shows that the defendant directed the following questions to the bench: "Your Honor, may I appeal this case from in?" and "May I have a transcript?" No response to these questions is revealed in the record and no further action with respect to either an appeal or a transcript was taken until defendant's May 4 petition requesting a transcript.

Rule 606(a) entitled "Perfection of Appeal" provides as follows:

"In cases in which a death sentence is imposed, an appeal is automatically perfected without any action by the defendant or his counsel. In other cases appeals shall be perfected by filing a notice of appeal with the clerk of the

trial court. \* \* \* *If the defendant so requests in open court at the time he is advised of his right to appeal or subsequently in writing, the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant.* No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." (Emphasis supplied.)

Under this rule, then, we think it clear that once a defendant in a criminal matter requests an appeal the duty of filing the notice of appeal is upon the clerk of the trial court. There is no question but that such action was not taken and we must therefore determine whether the questions asked by defendant in open court brought him within the purview of Rule 606(a).

It is our opinion that even if defendant's references to an appeal and his request for a transcript did not in themselves constitute a request for an appeal as set forth in Rule 606(a), they should have put the trial judge on notice that defendant was inquiring as to the possibilities of an appeal. Having been given such notice, we believe that the judge, rather than ignoring defendant's requests, should have thereupon conducted an inquiry and advised the defendant of his right to an appeal under the law. We do not mean to imply here that a defendant is entitled in each and every criminal matter to be advised of his right to appeal. Indeed, this advice is required under Supreme Court Rule 605 only when the defendant is convicted of a felony. Notwithstanding this fact, however, we conclude that where, as here, a defendant who is convicted of a misdemeanor indicates in some manner his desire to appeal his conviction, it is the duty of the trial judge to fully advise the defendant of any such rights he may have.

Defendant also contends that by indicating his desire to appeal he was entitled to counsel. We do not agree. Supreme Court Rule 607(a) entitled "Appeals by Poor Persons" provides as follows: "Upon the imposition of a death

sentence, or upon the filing of a notice of appeal *in any criminal case in which the defendant has been convicted of a felony,* and in cases in which the State appeals, the trial court shall determine whether the defendant is represented by counsel on appeal. If not so represented, and the court determines that the defendant is indigent and desires counsel on appeal, the court shall appoint counsel on appeal. If there is a public defender in the county, he shall be appointed unless the defendant shows good cause for the appointment of other counsel, or the court in its discretion, determines that other counsel should be appointed." (Emphasis supplied.) This rule, therefore, unlike the rule applying to perfection of appeals, is limited to those cases in which a defendant has been convicted of a felony and consequently is inapplicable to the situation before us. We are unable to find any authority under which the defendant would be entitled to counsel for the appeal of his conviction for a misdemeanor and conclude no error was committed by the appellate court in denying this part of defendant's motion of June 14.

It is our opinion that under the circumstances here present the defendant had in open court indicated his desire to appeal his conviction and that it was, therefore, the duty of the trial court clerk to prepare and file the proper notice of appeal. Supreme Court Rule 606(c) provides that, upon a showing of reasonable excuse for failure to file a notice of appeal on time, a defendant may request late leave to appeal within six months of the expiration of the time for filing a notice of appeal. We hold that the failure of the trial court clerk to prepare and file defendant's notice of appeal provided reasonable excuse for the defendant's failure to file his own notice of appeal on time and that, therefore, the appellate court erred in dismissing defendant's motion requesting leave to file a late appeal.

The order of the appellate court denying defendant's motion to have his request for a transcript treated as a

notice of appeal is affirmed; the order of the appellate court denying defendant's request to file a late notice of appeal is reversed and the cause is remanded to the appellate court.

*Affirmed in part, and*
*reversed in part and remanded.*