*In re* L.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Arnita Barnetti, Respondent-Appellant (L.S. *et al.*, Minors, Respondents-Appellees)).

First District (1st Division)   No. 1—98—1085

Opinion filed December 4, 2000.—Rehearing denied February 22, 2001.

Gil Sapir, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patricia T. Driscoll, Kathleen F. Howlett, and Sara Dillery Hynes, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

In this appeal, we are asked to consider the extent to which a court-appointed attorney representing the interests of an indigent parent in the context of abuse and neglect proceedings should be compensated by the State. Gil Sapir, the attorney appointed by the circuit court to represent the interests of A.B., the natural mother of three children adjudicated abused and neglected, appeals from the trial court's February 26, 1998, order denying in part his request for fees and costs. The State has filed a motion to dismiss challenging this court's jurisdiction, which we have taken with the case.

For the reasons that follow, we conclude this court lacks jurisdiction to reach the merits of this case and therefore dismiss the appeal.

On November 20, 1995, private attorney Gil Sapir was appointed to represent respondent mother, A.B., pursuant to section 1—5 of the Juvenile Court Act of 1987 (705 ILCS 405/1—5 (West 1998)). Sapir represented A.B. through September 1997, when he was allowed to withdraw because A.B. was believed to have fled the jurisdiction.

In December 1997, Sapir filed a verified fee petition requesting fees in the amount of $4,478.63. Sapir's calculations were based on hourly rates of $30 for out-of-court time and $40 for time spent in

court. At the December 22, 1997, hearing on the petition, the State objected to the total fees and costs requested as excessive in that they included compensation for: travel time; time spent preparing the petition for fees itself; time expended in obtaining an affidavit from the former trial judge regarding the complex nature of the case and the reasonableness of Sapir's fee request; and time spent preparing a memorandum of law in support of the fee petition. The State also maintained Sapir was limited to compensation of $1,250 pursuant to section 113—3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113—3(c) (West 1998)), the statute limiting attorney fees for appointed counsel in criminal cases.

The trial court advised Sapir it would not grant fees for travel time to and from court for appointed counsel based upon the presiding judge's policy and suggested Sapir amend his petition accordingly. The court then continued the hearing to January 26, 1999, so as to review Sapir's memorandum of law prior to making a final ruling.

At the January hearing, Sapir filed a supplemental fee petition in the amount of $167.50 to reflect time expended at the December hearing. Following additional argument, the trial judge stated she would sign an order for fees provided Sapir delete certain items and costs from the fee petition: travel time to and from court, as the appointment assumes the attorney will be in the building to handle the work at hand; costs associated with obtaining an affidavit from the former trial judge, Jeffrey Arnold, as she had not ordered Sapir to substantiate his fee request; and time expended on the preparation of the memorandum of law. Sapir refused to amend the petition and requested the trial judge make a final ruling on the petition as presented and to include appropriate Rule 304(a) (155 Ill. 2d R. 304(a)) language in the order. In responding to Sapir, the trial court stated:

> "So that the record is clear, I told counsel that I will sign a proposed fee petition just like the one he presented to me excluding time to and from court and excluding any preparation of fee petition with Judge Arnold, memorandum or any documentation with Judge Arnold to submit his fee petition and substantiate its, other that [*sic*] I will given [*sic*] him all the fees that he requested. I told him if he does not want to sign or give me a proposed fee petition with those fees excluded then I will strike his order. I will give him ten minutes to decide what he wants to do."

Whereupon the case was passed. When the case was recalled, Sapir again refused to amend his petition and again requested a final ruling including Rule 304(a) language. The trial court ordered the petition stricken. Sapir presented a draft order reflecting the trial court's rul-

ing which the judge refused to sign. The only signed order in the common law record for that date states that Sapir be provided a free transcript of the hearing.

On February 25, 1998, Sapir filed a motion to reconsider the court's striking of his fee petition. At the hearing on February 26, 1998, Sapir argued it was error for the trial court to strike his petition and again requested the court either grant or deny his request for fees and for Rule 304(a) language to be included in the order. The report of proceedings indicates the trial court denied Sapir's motion to reconsider. However, the order entered on that date states: "The court has denied in part and granted in part the fee petition filed by Gil Sapir on December 11, 1997 and heard on December 22, 1997. The court has denied travel costs to/from court, time for a telephone call to and reproduction of case materials for the former judge, and time for delivery of such materials to the former judge. The court has granted all other fees contained in the petition filed by Gil Sapir on 2/11/97." It is from this order Sapir now appeals.

The State contends that this court has no jurisdiction to review the February 26, 1998, order. Conversely, Sapir argues the February 26, 1998, order is final and appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). We agree with the State.

Supreme Court Rule 304(a) governs appeals from final judgments that do not dispose of an entire proceeding and provides in relevant part:

> "(a) Judgments as to fewer than all parties or claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party.*** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 155 Ill. 2d R. 304(a).

Rule 304(a) is clear in its mandate that the trial court must include the specific finding that there is no just reason to delay enforcement or appeal in an otherwise final but not immediately appealable order,

and both the supreme court and this court have consistently found appellate jurisdiction to be lacking where an express written finding is absent. See *Kral v. Fredhill Press Co.*, 304 Ill. App. 3d 988, 993 (1999); *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997). Moreover this court has previously held that an order denying a public guardian's petition for attorney fees in a wardship proceeding was not a final and appealable order where the underlying matter was continued and the order contained no express written finding as required by Rule 304(a). *People v. Herlinda M.*, 221 Ill. App. 3d 957 (1991). Here, the record is clear that the juvenile court case remained pending following the entry of the February 26, 1998, order.

■ Nonetheless, Sapir urges this court to assume jurisdiction notwithstanding the absence of Rule 304(a) findings. He maintains that the trial court's refusal to include a Rule 304(a) finding in the order was "a punitive abuse of discretion deliberately intended and designed to intimidate, coerce and punish appointed counsel." He contends that, as a result of the trial court's conduct, he is left without recourse to challenge the accuracy and validity of the order entered on February 26, 1998, as it is clearly not a reflection of the trial court's oral pronouncements, and to have this court engage in a meaningful review of the substantive merits of this appeal.

Essentially, Sapir urges this court to disregard the jurisdictional boundaries framed by the supreme court rules and exercise immediate jurisdiction over this appeal as a means of reprimanding the trial judge. However, this court is bound by the confines of its prescribed jurisdiction (*In re Guzik*, 249 Ill. App. 3d 95, 97-98 (1993)) and does not possess the supervisory powers enjoyed by the supreme court[1] (Ill. Const. 1970, art. VI, § 6; *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488 (1997)). Consequently, we hold this court lacks jurisdiction to entertain the merits of Sapir's appeal.

As a final note, although this court is not currently vested with proper jurisdiction, the February 1998 order will be immediately appealable at the conclusion of the juvenile court proceedings pursuant to Supreme Court Rule 303. 155 Ill. 2d R. 303; *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496 at 503 ("Once the entire action is terminated, all final orders become appealable under Rule 301"). Thus, Sapir may present his appeal for consideration on its

---

[1]The supreme court's supervisory authority is a constitutional grant of power that is undefined, not limited by any specific rules, and is bounded only by the exigencies that call for its exercise. Ill. Const. 1970, art. VI, § 16; *People v. Bull*, 185 Ill. 2d 179 (1998).

substantive merits when the juvenile court proceedings are finally closed.

Appeal dismissed.

O'MARA FROSSARD and COHEN, JJ.,[2] concur.

---

[2]Justice Rakowski heard oral argument on this case. Upon his retirement, Justice Cohen was substituted and has reviewed the record, briefs and audio recordings of the oral argument.