NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240255-U

NO. 4-24-0255

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 17, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Greene County |
| DOUGLAS W. HAZELWOOD, | ) | No. 23CF71 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Zachary A. Schmidt, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Harris and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding (1) postplea counsel filed a timely Illinois
Supreme Court Rule 604(d) (eff. Dec. 7, 2023) certificate of compliance and
(2) the record showed that counsel made all necessary amendments to defendant's
motion to withdraw his guilty plea.

¶ 2    On December 19, 2023, pursuant to a fully negotiated plea, defendant, Douglas

W. Hazelwood, was convicted of aggravated battery (720 ILCS 5/12-3.05(c) (West 2022)).

Defendant, through counsel, filed a timely motion to withdraw his guilty plea. After a hearing,

the trial court denied defendant's motion, and defendant indicated he wished to appeal. Six days

later, counsel submitted a certificate of compliance pursuant to Illinois Supreme Court Rule

604(d) (eff. Dec. 7, 2023), the same day defendant's notice of appeal was filed. Defendant

appeals, arguing (1) postplea counsel failed to strictly comply with Rule 604(d) because the

certificate of compliance was filed six days after the trial court had ordered the circuit clerk to

file the notice of appeal and (2) the record rebuts postplea counsel's certification all necessary amendments were made to the motion. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          In September 2023, the State charged defendant by information with aggravated battery for striking Harley Angel and causing bodily harm while located on public property. See 720 ILCS 5/12-3.05(c) (West 2022). On December 11, 2023, defendant failed to appear in court, and a warrant for his arrest was issued. Defendant was arrested on December 17, 2023.

¶ 5          On December 19, 2023, while in custody, defendant pleaded guilty. Pursuant to the plea agreement, defendant pleaded guilty to aggravated battery as charged and was sentenced to 18 months of conditional discharge, no fines, credit for time served, and $500 in restitution to an individual in an unrelated misdemeanor case that was dismissed as part of the plea agreement.

¶ 6          The trial court then admonished defendant on the effect of his guilty plea and asked defendant if he understood those admonishments. Defendant stated he did. He also affirmed he understood he could plead not guilty and require the State to prove his guilt beyond a reasonable doubt. Further, he affirmed he understood he was waiving (1) his right to trial (including his right to a jury trial), (2) his right to testify, and (3) his right to call witnesses on his behalf. When the court asked defendant whether his plea was voluntary, defendant answered it was.

¶ 7          Additionally, the trial court reviewed with defendant his signed "Appearance, Plea of Guilty and Waiver of Trial." This document reiterated the oral admonishments the court had given defendant and further indicated defendant was not being treated for a mental illness at the time of the plea, nor had he ever been treated for a mental illness. The State provided the court with a factual basis for the guilty plea, which the court accepted. Defendant did not object.

The court then reviewed defendant's appeal rights.

¶ 8    On January 8, 2024, defendant filed a motion to withdraw his guilty plea. The motion contended defendant (1) did not fully understand or contemplate the effects of having a felony conviction, (2) was "overwhelmed by the stressors of being incarcerated and not being able to see his children during the holiday season fast approaching," (3) did not fully understand the plea proceedings despite stating to the trial court otherwise, and (4) had a good faith defense to the offense as charged.

¶ 9    A hearing on defendant's motion was held on February 7, 2024. Defendant testified he was not forced or threatened to plead guilty and was not promised anything other than what was outlined in the negotiated plea agreement. Defendant stated he contacted his attorney after pleading guilty to discuss withdrawing his guilty plea. He spoke with his attorney by phone and again on the day of the hearing. He stated he had been incarcerated in the county jail for two days at the time of the plea. Defendant affirmed he fully understood the consequences of pleading guilty but added he had not seen his children in a month, and it was Christmas. He stated he had never been to jail and implied his only way out of custody was to plead guilty. He stated he spoke with his children by phone daily. He said when he worked out of town, his children stayed with their respective mothers. However, when he was home, he split parenting time "50/50." He was expecting to be with his children from Christmas Eve into Christmas Day.

¶ 10    Defendant also testified he was a superintendent for the carpenters union. As part of his employment, he performed work for the Army Corps of Engineers and other "government jobs." He anticipated having to renew his identification "badge" in late February 2024, which would require a background check. He stated having a felony on his record would cause him to

lose his job. He said he had a good faith defense for his aggravated battery charge but reiterated he believed he would have been remanded back to the jail had he chosen not to plead guilty.

¶ 11        On cross-examination, defendant stated, in November 2023, a coworker was escorted off the jobsite after the employer discovered the coworker had received a felony for driving under the influence in Michigan. Defendant confirmed he was aware of this incident at the time he had pleaded guilty on December 19, 2023. Defendant stated he spoke with his daughter and mother by phone during the two days he spent in jail. He also confirmed no one had specifically told him he would have remained in custody had he pleaded not guilty. When asked about his good faith defense, defendant did not dispute he had committed the elements of the offense but was displeased with the disposition of the case.

¶ 12        On redirect examination, defendant denied taking any illicit drugs but stated he was prescribed medication for anxiety, depression, and a bipolar disorder. Defendant took medication regularly but had not taken any on the day he pleaded guilty. However, he stated he was fully aware of the circumstances at the time of his plea. He stated he had run out of his medication just prior to being arrested on December 17, 2023, for failing to appear in court. Defendant first informed his attorney on the day of his motion hearing that he had not been taking his prescribed medication at the time of the plea proceedings.

¶ 13        The trial court found defendant's arguments were not persuasive, noting defendant's concerns about maintaining his employment and being with his children were "admittedly known at the time or before the plea." It was clear to the court defendant "knew the repercussions, knew what was transpiring and decided to move forward in any event," despite not taking his medication. The court denied defendant's motion and admonished him of his appeal rights. Counsel for defendant requested, and the court ordered the clerk file, a notice of

appeal on defendant's behalf.

¶ 14 On February 13, 2024, the notice of appeal was filed. That same day, counsel for defendant filed a preprinted Rule 604(d) certificate. See Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). The certificate was signed on February 8, 2024, and stated, *inter alia*, counsel had (1) consulted with defendant to ascertain his contentions of error in the entry of the guilty plea, (2) examined the court file and report of proceedings from the guilty plea, and (3) made any necessary amendments to the motion to adequately present any defects in those proceedings.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, defendant argues postplea counsel failed to strictly comply with Rule 604(d) because he (1) filed the certificate of compliance six days after the trial court ordered the circuit clerk to file the notice of appeal and (2) failed to adequately consult with defendant to amend the motion.

¶ 18 Rule 604(d) requires counsel representing a defendant on a motion to withdraw a guilty plea to certify the following:

> "[T]he attorney has consulted with the defendant either by phone,
> mail, electronic means or in person to ascertain defendant's
> contentions of error in the sentence and the entry of the plea of
> guilty, has examined the trial court file and both the report of
> proceedings of the plea of guilty and the report of proceedings in
> the sentencing hearing, and has made any amendments to the
> motion necessary for adequate presentation of any defects in those
> proceedings." *Id.*

¶ 19        "[C]ounsel must strictly comply with 'each of the provisions of Rule 604(d).' "
*People v. Gorss*, 2022 IL 126464, ¶ 19 (quoting *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). This court generally considers the certificate itself to evaluate compliance with Rule 604(d); however, the certificate may be refuted by the record. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 37. We review *de novo* whether counsel strictly complied with the provisions of Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 10.

¶ 20                    A. Untimely Filing of Certificate of Compliance Claim

¶ 21        Defendant concedes that our supreme court, in *In re H.L.*, 2015 IL 118529, ¶ 19, concluded the only timing requirement of Rule 604(d) is that the certificate of compliance be filed with the trial court, rather than on appeal:

> "We conclude that [*People v.*] *Shirley*[, 181 Ill. 2d 359 (1998),] did
> not mandate that defense counsel file the certificate prior to or at
> the hearing on the postplea motion. As the rule plainly states, strict
> compliance requires that the certificate be filed 'with the trial
> court,' rather than on appeal. This is the only timing requirement
> set forth by the plain language of Rule 604(d). Although *Shirley*
> did state that the filing of the certificate *should* precede or be
> simultaneous with the hearing on the motion, that language may be
> contrasted with *Shirley*'s prior statement that the certificate *must*
> be filed in the trial court. Although the 'should' language is
> contained in a paragraph in which *Shirley* discusses strict
> compliance, the difference in language is striking. If this court had
> intended to mandate that the attorney certificate be filed at a

certain time, one would expect stronger language, such as 'must' or 'shall.' Instead, this court chose the word 'should.' The use of the word 'should' suggests that it would be useful or desirable for counsel to file the certificate prior to or at the time of the motion hearing, but that it is not mandatory that counsel do so."

(Emphases in original.)

¶ 22 Defendant contends, because postplea counsel requested the trial court order the clerk to file a notice of appeal prior to the filing of the Rule 604(d) certificate, counsel mistakenly believed he had fulfilled his requirements under the rule. Defendant notes Illinois Supreme Court Rule 606(a) (eff. Dec. 7, 2023) requires, upon request from a defendant, the clerk prepare, sign, and file a notice of appeal "forthwith." From here, defendant argues the use of "forthwith" in Rule 606(a) is important because its recognized legal meaning requires the clerk's filing of the notice of appeal be performed within a short period of time and without undue delay. See, *e.g.*, *People v. One 1998 GMC*, 2011 IL 110236, ¶ 51. Had the clerk filed defendant's notice of appeal forthwith, as envisaged by Rule 606(a), rather than six days after the trial court ordered the notice be filed, postplea counsel's certificate would have been filed after the trial court had been divested of jurisdiction.

¶ 23 Defendant argues reviewing courts have given legal effect to the trial court's direction for the circuit clerk to file a notice of appeal. Defendant cites *People v. Parrott*, 2017 IL App (3d) 150545, and *In re Commitment of Jackson*, 2017 IL App (3d) 170031, where respective circuit clerks failed to timely file notices of appeal despite being ordered by the trial courts prior to the deadline to file.

¶ 24 We are unpersuaded by defendant's arguments on the timeliness of postplea

counsel's filing of the Rule 604(d) certificate. See *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44 (noting the appellant bears the burden of persuasion as to his or her claims of error). Defendant argues the circuit clerk did not file his notice of appeal "forthwith" because it was filed six days after the motion hearing. Although the filing of the notice of appeal was not done immediately after the trial court had so ordered, nothing in the record suggests it was filed with undue delay. The notice of appeal was, nonetheless, timely filed, which makes defendant's reliance on *Parrott* and *Jackson* misplaced. The fact is our supreme court has unequivocally stated the "only timing requirement" pursuant to Rule 604(d) is that the certificate be filed " 'with the trial court,' rather than on appeal." *H.L.*, 2015 IL 118529, ¶ 19. In this case, the certificate was filed on the same day as the notice of appeal, with no indications from this record it was filed after the notice of appeal. Accordingly, we find the certificate of compliance was timely filed.

¶ 25          B. Counsel's Rule 604(d) Certificate Refuted by the Record Claim

¶ 26          Defendant next argues the record rebuts postplea counsel's certification all necessary amendments were made to the motion to withdraw the guilty plea. Specifically, defendant contends his counsel never amended the motion to include defendant was not taking his prescribed medication for depression, anxiety, and bipolar disorder on the day he pleaded guilty.

¶ 27          As we noted earlier, Rule 604(d) requires counsel certify:

> "[T]he attorney has consulted with the defendant either by phone,
> mail, electronic means or in person to ascertain defendant's
> contentions of error in the sentence and the entry of the plea of
> guilty, has examined the trial court file and both the report of

proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023).

¶ 28 Strict compliance with Rule 604(d) is required. *Gorss*, 2022 IL 126464, ¶ 19. Even when counsel has filed a facially valid certificate, a reviewing court may consult the record to determine whether counsel actually complied with the requirements of Rule 604(d). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. We review *de novo* whether defense counsel's certificate complied with Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 10.

¶ 29 Defendant cites *People v. Winston*, 2020 IL App (2d) 180289, *People v. Willis*, 2015 IL App (5th) 130020, and *Bridges* in support.

¶ 30 In *Winston*, the defendant pleaded guilty to aggravated battery and was sentenced to conditional discharge. *Winston*, 2020 IL App (2d) 180289, ¶ 3. The defendant sought to change her plea, and the trial court reappointed counsel. *Id.* Counsel filed an amended motion to withdraw the plea, alleging the defendant was under duress and unaware of the adverse effects of a felony conviction. *Id.* However, at the hearing on the motion, counsel argued the State could not prove the defendant guilty beyond a reasonable doubt. *Id.* The matter was remanded on multiple occasions for failure to comply with Rule 604(d). *Id.* ¶¶ 3-4. Following remand, a hearing was held, wherein counsel attempted to admit hearsay evidence on the issue of reasonable doubt from statements contained in police reports. *Id.* ¶ 8. The trial court sustained the State's objection to the evidence and offered counsel the opportunity to continue the hearing to produce live testimony on the issue, but counsel declined. *Id.* ¶ 9. The appellate court noted the defendant's counsel raised a claim at the hearing but did not plead the claim and did not

secure witnesses who could arguably support the defendant's claims. *Id.* ¶ 19. The court remanded the matter again, finding no strategic reason to support counsel offering inadmissible written statements rather than live testimony. *Id.*

¶ 31    In *Willis*, the defendant pleaded guilty to escape. *Willis*, 2015 IL App (5th) 130020, ¶ 9. Following sentencing, the defendant filed a *pro se* motion to withdraw his guilty plea that argued he did not "escape" from a penal institution, and therefore, he could not be guilty of the offense of escape. *Id.* ¶ 12. The trial court appointed counsel, who filed a Rule 604(d) certificate incorrectly referencing the defendant with the pronoun "her." *Id.* ¶ 13. Counsel also admitted he did not make any amendments to the defendant's *pro se* motion and proceeded to argue the failure of the trial judge to recuse himself was grounds to permit withdrawing the guilty plea. *Id.* The appellate court remanded, noting the record conflicted with counsel's Rule 604(d) certificate. *Id.* ¶ 19. The court noted (1) counsel referred to the defendant with a feminine pronoun, (2) counsel indicated amendments to the pleadings were made but later admitted he had not made any amendments, (3) counsel failed to raise the defendant's *pro se* contention he failed to understand the nature of the offense of escape, and (4) the Rule 604(d) certificate failed to explicitly state counsel had examined the report of proceedings from the plea of guilty. *Id.* ¶¶ 19-22.

¶ 32    In *Bridges*, the defendant pleaded guilty to aggravated battery with a firearm. *Bridges*, 2017 IL App (2d) 150718, ¶ 1. The defendant filed a *pro se* motion to withdraw his guilty plea, alleging he had inadequate representation by counsel and was not mentally competent to enter a plea agreement. *Id.* ¶ 2. The *pro se* motion was supported by an affidavit, which included the allegation defendant had been subject to coercion. *Id.* Counsel filed an amended motion, alleging the defendant's plea was under duress and he had not been properly

medicated for his bipolar and attention-deficit/hyperactivity disorder at the time of the plea. *Id.* The amended motion was not supported by an affidavit. *Id.* The defendant was not present at a status hearing or when the trial court heard and denied his motion. *Id.* ¶ 4. The appellate court concluded counsel added new allegations to the defendant's motion but failed to support those allegations by an affidavit. *Id.* ¶ 9. Additionally, counsel failed to present the defendant's testimony or any evidence to support the motion. *Id.* Furthermore, the court found the defendant's hearing was inadequate stating, "A hearing on a motion to withdraw a defendant's guilty plea must be more than a charade performed only to allow an appeal to proceed." *Id.* ¶ 10.

¶ 33        We find the instant matter distinguishable from the cases defendant cites. *Winston*, *Willis*, and *Bridges* all demonstrate circumstances where postplea counsel failed to make necessary amendments to preserve the respective defendants' claims. In the instant case, defendant, dissatisfied with his plea, reached out to his attorney, who then drafted the motion to withdraw his guilty plea. The issues contained within the motion were argued on defendant's behalf at the motion hearing. On the day of the hearing, defendant raised the issue of his failure to take prescribed medication for anxiety, depression, and bipolar disorder with his counsel for the first time. Counsel introduced this issue through defendant's testimony at the hearing.

¶ 34        Defendant, on appeal, essentially argues counsel failed to comply with Rule 604(d) because he should have amended the motion to withdraw the guilty plea to add the allegation defendant was not taking his prescribed medication at the time the plea agreement was entered. We disagree. The record does not rebut postplea counsel's Rule 604(d) certificate was compliant; rather, the record reveals there was no necessary amendment to the motion for counsel to make. At the time of the plea, defendant affirmed in writing he was not being treated for a mental illness. Additionally, when he testified about not taking his prescription medication

at the time of the plea, he also testified he was fully aware of the circumstances at the time of the plea. The record shows defendant's failure to take his prescribed medication had no impact on whether the plea was knowingly and voluntarily made. Accordingly, we find there was no amendment to the motion postplea counsel necessarily should have made. Thus, counsel's certificate complied with Rule 604(d).

¶ 35                                    III. CONCLUSION

¶ 36           For the reasons stated, we affirm the trial court's judgment.

¶ 37           Affirmed.