2025 IL App (1st) 220596-U

Fourth Division
Filed February 13, 2025

No. 1-22-0596

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 04 CR 19905 |
| RODERICK ALLEN, | ) ) | The Honorable Arthur F. Hill, Jr., |
| Defendant-Appellant. | ) ) | Judge, presiding. |
| | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The circuit court's order denying the defendant's untimely postjudgment motion was vacated as void for lack of jurisdiction, and the appeal from the underlying final judgment was dismissed where the defendant failed to perfect a timely appeal.

¶ 2     On August 7, 2004, Roderick Allen fatally stabbed his sister Debbie Whitebear inside the home she shared with their mother, Frances, who had Alzheimer's disease and dementia. As we have noted before, Allen—who suffers from delusional disorder—testified that he killed Whitebear to protect their mother from abuse that he believed his sisters were inflicting on her as part of a larger scheme to deprive him of a secret inheritance supposedly left to him by a man he regards as his real father. *People v. Allen*, 2019 IL App (1st) 162985 (*Allen III*), ¶¶ 4, 6. Despite initially being found unfit and requiring months of treatment to be restored to fitness, Allen was

permitted to represent himself at trial. A jury found him guilty of first-degree murder and home invasion in 2007, and he was given consecutive sentences of 60 and 25 years, respectively. We affirmed his conviction on direct appeal. *People v. Allen*, 408 Ill. App. 3d 840 (2010) (*Allen I*). Since then, Allen has repeatedly sought relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (2022)). The details of this lengthy procedural history are set forth in our previous decisions, so we do not belabor them here. See *Allen I*, 408 Ill. App. 3d at 842-845; *People v. Allen*, 2013 IL App (1st) 110747-U, ¶¶ 4-6 (*Allen II*); *Allen III*, 2019 IL App (1st) 162985, ¶¶ 5-26.

¶ 3        The last time this case was before us, Allen's then-attorney abandoned the merits of Allen's underlying postconviction claims and argued instead that the Post-Conviction Hearing Act was unconstitutional as applied to Allen.[1] Counsel's argument was that Allen's "paranoid and persecutory delusions," which affect how he perceives both the underlying offense and the ongoing legal proceedings, make it effectively impossible for Allen to present the kind of nonfrivolous claim necessary to merit the appointment of counsel and further proceedings under the Post-Conviction Hearing Act. Although we found counsel's argument persuasive, we held that we could not afford any relief because the constitutional challenge was not raised in Allen's successive petition, resulting in a waiver of the issue, at least for the purposes of that appeal, that we were powerless to excuse. *Allen III*, 2019 IL App (1st) 162685, ¶¶ 33-37.

¶ 4        Allen vehemently disagrees with the notion that he is mentally ill or that his beliefs are the result of delusions. Nevertheless, counsel in *Allen III* convinced him to raise the claims in the circuit court. In June 2020, Allen sought leave to file a successive postconviction petition, claiming that the Post-Conviction Hearing Act is unconstitutional as applied to him. On March 31, 2021, however, the circuit court denied Allen leave to file both the June 2020 successive petition as well as an "Eighth Successive Post-Conviction Petition" that Allen had sought leave to file in March 2020.

---

[1]    Following the lead of the *Allen III* panel and Allen's attorneys in *Allen III* and this appeal, we will not adhere to the usual convention of attributing counsel's arguments to the litigant personally. See *Allen III*, 2019 IL App (1st) 162985, ¶ 1 n.1.

¶ 5        Once the circuit court denied leave to file on March 31, Allen had 30 days to file either a motion to reconsider or a notice of appeal. See Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). He did neither. Instead, on April 27 and again on May 18, Allen asked the court to extend the deadline for filing a motion to reconsider. The court denied both requests. Then, on August 4, Allen filed a "Motion for Leave to File a Motion to Reconsider Dismissal of Eighth Successive Petition." And on August 30, 2021, the court denied that motion.

¶ 6        Allen took no further action to perfect an appeal until March 18, 2022, when he filed a *pro se* motion in this court seeking leave to file a late notice of appeal from the circuit court's March 31, 2021 order denying leave to file a successive petition and its August 30, 2021 order denying his request for reconsideration. In criminal cases, this court is authorized to allow leave to file a late notice of appeal so long as a motion is "filed *** within six months of the expiration of the time for filing the notice of appeal." Ill. S. Ct. R. 606(c) (eff. March 12, 2021). Allen's motion was filed beyond that period with respect to the March 31 order, but the time to seek leave to file a late notice of appeal from the August 30 order had not yet run. We therefore entered an order that allowed Allen's "Motion for Leave to File Late Notice of Appeal from the Order of August 30, 2021," and we appointed the Office of the State Appellate Defender (OSAD) to represent Allen.

¶ 7        At some point thereafter, OSAD discovered a problem: because Allen's August 4, 2021 motion to reconsider was untimely, the circuit court lacked jurisdiction to entertain it, making its August 30, 2021 order denying the motion void and, at the same time, depriving us of jurisdiction to consider its merits—and, thus, the merits of the original order denying Allen leave to file—or do anything other than vacate it. *People v. Flowers*, 208 Ill. 2d 291, 307 (2003). We have no authority to excuse compliance with the rules governing the time for filing a notice of appeal, but our supreme court does. *Id.* at 308-09. So, in November 2022, OSAD filed a motion requesting a supervisory order that would vest this court with jurisdiction to review the March 30, 2021 order denying leave to file a successive petition. The supreme court denied the motion. See *Allen v. Delort*, No. 129134 (Ill. Dec. 7, 2022). In January 2023, OSAD filed another motion for supervisory relief, this one setting out in more detail why the circumstances of this case justified

extraordinary relief. The supreme court denied that motion, too. See *Allen v. Delort*, No. 129336 (Ill. Feb. 9, 2023).

¶ 8        Having twice failed to obtain a supervisory order vesting this court with jurisdiction, OSAD tried a different approach. On February 27, 2023, OSAD moved in this court to amend the late notice of appeal from the August 30, 2021 order denying reconsideration to also include the March 31, 2021 order denying Allen leave to file. OSAD asserted that the amendment was necessary "to reflect that this Court is able to exercise jurisdiction over the trial court's March 31, 2021, order denying leave to file successive post-conviction petitions, which was the subject of the motion for leave to reconsider from which this Court granted the late notice of appeal." The motion omitted that the August 30, 2021 order denying reconsideration was void or that OSAD had twice sought supervisory relief to cure that jurisdictional defect. We allowed the amendment on March 2, 2023.

¶ 9        The case was then briefed. OSAD's Rule 341(h)(4) statement of jurisdiction did not flag any jurisdictional problems, and the State evidently deemed that statement satisfactory, choosing not to include a jurisdictional statement in its own brief. See Ill. S. Ct. R. 341(h)(4), (i) (eff. Oct. 1, 2020). We set the case for oral argument on October 31, 2024, but during our preparations for that argument, we discovered the jurisdictional flaw and OSAD's unsuccessful attempts to fix it in the supreme court, so we cancelled the argument and directed the parties to file supplemental briefs addressing our jurisdiction, which they have done.

¶ 10        OSAD's supplemental brief urges us to decide this appeal on the merits. In addition to the significance of the underlying issue, it points out that, because of Allen's personal disagreement with the proposition that he suffers from a mental illness, this may be the only chance we get to address the constitutionality of the Post-Conviction Hearing Act as applied to him and, thus, his only chance to get past the leave-to-file stage and receive (whether he wants it or not) the assistance of counsel in postconviction proceedings. It also observes that, so long as Allen fails to make it past the leave-to-file stage, it is virtually certain that he will continue filing *pro se* petitions and that the already unwieldly record in this case—which now exceeds 50,000 pages in a later-filed appeal that is pending in this court—will continue to balloon, making each successive petition and

appeal that much more complicated. However, the rules governing the timely filing of a notice of appeal are jurisdictional, so we have no power to excuse noncompliance with them for these reasons. *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Only our supreme court has that authority. See Ill. Const. 1970, art. I, § 16; *In re L.S.*, 318 Ill. App. 3d 566, 570 (2000). So far, it has declined to exercise it in this case.

¶ 11 The question, then, is whether there are any circumstances that would allow us to exercise jurisdiction over this appeal under the rules despite Allen's failure to either file a timely notice of appeal or a timely motion for leave to file a late notice of appeal. See Ill. S. Ct. R. 606(b), (c) (eff. Mar. 12, 2021). OSAD argues that there are.

¶ 12 First, OSAD notes that, when the circuit court denied Allen's reconsideration motion on August 30, 2021, Allen still had 30 days left to seek leave to file a late notice of appeal from the March 31 order denying leave to file the successive petitions. See Ill. S. Ct. R. 606(c) (eff. March 12, 2021). By denying the motion to reconsider rather than dismissing it for want of jurisdiction, the court may well have given Allen the impression that it did, in fact, still have jurisdiction over the matter. OSAD compares this situation to one in which the defendant indicates his desire to appeal in open court, which can serve as a timely notice of appeal even when the clerk does not follow through by filing the requested notice of appeal within the relevant timeframe. See *People v. Sanders*, 40 Ill. 2d 458, 459-61 (1968); *People v. Parrott*, 2017 IL App (3d) 150545, ¶¶ 18-20. While we see the (imperfect) analogy, there is no supreme court rule or decision that permits us to treat Allen's requests for extensions of time for filing a motion to reconsider or his request for leave to file a motion to reconsider *instanter* as the equivalent of a notice of appeal. There may be good policy reasons to treat them that way, but again, we do not have the authority to disregard the jurisdictional timely-filing requirements of the rules. *Lyles*, 217 Ill. 2d 210, 216 (2005).

¶ 13 Second, observing that the clerk of the circuit court sent Allen notice that he "may have a right to appeal" the August 30, 2021 denial of his reconsideration motion, OSAD also argues that the circuit court's apparent denial of Allen's reconsideration motion on the merits is like a failure to provide accurate admonishments about the steps necessary to perfect an appeal after pleading

guilty. *Cf. People v. Braden*, 2018 IL App (1st) 152295, ¶¶ 18-38 (remanding for defendant to be given proper admonishments and a new opportunity to file post-plea motion). In postconviction cases, Illinois Supreme Court Rule 651(b) (eff. July 1, 2017) requires the clerk of the circuit court to notify the defendant of adverse judgments, and that notice must advise the defendant that, to preserve his right to appeal, he must file a notice of appeal within 30 days. Case law supports the proposition that, when the clerk does not comply with Rule 651(b), we are empowered to excuse the untimely filing of a notice of appeal. *People v. Brewer*, 2021 IL App (1st) 182638, ¶ 37 (citing *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003)); *People v. O'Toole*, 174 Ill. App. 3d 800, 801 (1988). Here, however, the clerk complied with Rule 651(b), not only when she sent Allen the August 30 order but also when she mailed him the March 31, 2021 order denying him leave to file successive petitions. Consistent with the rule, on both occasions, the clerk's notice advised Allen: "To preserve your right to appeal you must file a notice of appeal in the trial court within thirty (30) days from the date the order was entered." That written admonishment was accurate, and Allen still did not file a timely notice of appeal from either order. As Allen was not mis-admonished, we cannot excuse noncompliance with the timely-filing requirements on that basis.

¶ 14 In short, it is uncontested that Allen did not file a timely notice of appeal from the March 31, 2021 order denying him leave to file successive petitions, nor did he timely seek leave to file a late notice of appeal. Furthermore, the trial court lacked jurisdiction to consider the untimely reconsideration motion, rendering its August 30, 2021 order denying that motion void. We do not have authority to overlook these jurisdictional flaws and reach the merits. We have no choice: we must vacate the August 30 order as void and order the dismissal of Allen's untimely motion for leave to file a motion to reconsider. See *People v. Shunick*, 2022 IL App (4th) 220019, ¶ 24 (citing *People v. Bailey*, 2014 IL 115459, ¶ 29). To the extent Allen appeals from the March 31 order, the appeal must be dismissed for want of jurisdiction. See *People v. Williams*, 2019 IL App (5th) 180024, ¶ 27.

¶ 15 For the foregoing reasons, we vacate the August 30, 2021 order, we dismiss the appeal from the March 31, 2021 order denying Allen leave to file successive postconviction petitions, and we

remand for the circuit court to dismiss Allen's untimely motion for leave to file a motion to reconsider.

¶ 16    Order vacated; appeal dismissed in part; remanded with directions.