*In re* C.J., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.T., Respondent-Appellant).

First District (6th Division)    No. 1—99—1456

Opinion filed September 14, 2001.—Rehearing denied October 24, 2001.

Rita A. Fry, Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellant.

Patrick T. Murphy, Public Guardian, of Chicago (Ron Fritsch, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

Respondent is the mother of C.J., who is about 10 years old. Respondent appeals from an order of the circuit court of Cook County which found her unfit, terminated her parental rights to C.J. and appointed a guardian with the right to consent to his adoption. In this court, respondent challenges the court's finding of unfitness.

Before proceeding in this cause of action, we must be certain of our jurisdiction. *In re Application of the County Treasurer*, 308 Ill. App. 3d 33, 39, 719 N.E.2d 143, 147 (1999). The public guardian, who represents C.J., filed a motion to dismiss this appeal based on respondent's failure to file a timely notice of appeal. 155 Ill. 2d R. 303. This court initially ordered that motion taken with the case, then subsequently granted respondent's motion to treat her notice of appeal as timely filed. The public guardian again raised the jurisdictional issue in his brief, and respondent replied urging this court to reject the public guardian's challenge to this court's order to treat her notice of appeal as timely filed.

The denial of a contested motion to dismiss an appeal before briefing and argument is not final and may be revised at any time

before the disposition of the appeal. *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1035, 711 N.E.2d 346, 350 (1999); see also *Carter v. Chicago & Illinois Midland Ry. Co*, 144 Ill. App. 3d 437, 439, 494 N.E.2d 892, 894 (1986), *rev'd on other grounds*, 119 Ill. 2d 296, 518 N.E.2d 1031 (1988). In light of our obligation to consider our jurisdiction at any time and to dismiss an appeal where jurisdiction is lacking, we reconsider the jurisdictional issue posed in this case. *Tetzlaff*, 304 Ill. App. 3d at 1035, 711 N.E.2d at 350; see also *In re Kerwood*, 44 Ill. App. 3d 1040, 1043, 359 N.E.2d 183, 185-86 (1976).

The order terminating respondent's parental rights to her minor son was entered on March 16, 1999. Respondent's notice of appeal from that order was filed in the clerk's office 31 days later on April 16, 1999. Respondent did not file any posthearing motions or a motion to file a late notice of appeal, which could have extended the date for filing the notice of appeal beyond 30 days from the entry of the termination order. 155 Ill. 2d R. 303. Based on these facts, the public guardian contends that respondent's appeal must be dismissed.

Respondent acknowledges that the notice of appeal was "file-stamped" April 16, 1999, but maintains that the "window between the various dates coming out of the Juvenile Division" rebuts the public guardian's claim that any untimeliness was personally attributable to her. She also claims that the public guardian was barred by *laches* from contesting her notice of appeal after she filed her opening brief and urges this court to enter an order amending the filing date of the notice or by filing it *nunc pro tunc* under the authority granted to the reviewing court in Supreme Court Rules 362(f) and 366. 155 Ill. 2d Rs. 362(f), 366. Respondent further claims that the rules, procedures and practices applied to promote the right to appeal in criminal cases should be applied here.

Supreme Court Rule 660, which relates to appeals in cases arising under the Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq.* (West 1998)), provides that appeals from delinquency judgments are to be governed by the rules applicable to criminal cases. 134 Ill. 2d R. 660(a). Subsection (b) of the same rule provides that "In all other proceedings under the Juvenile Court Act, appeals from final judgments shall be governed by the rules applicable to civil cases." 134 Ill. 2d R. 660(b). Here, we do not consider an appeal from a delinquency judgment but, rather, an appeal from a final judgment which terminated respondent's parental rights to C.J. and appointed a guardian with the right to consent to his adoption. *In re Harrison*, 120 Ill. App. 3d 108, 112, 458 N.E.2d 146, 149 (1983). Thus, respondent's appeal is governed by the rules pertaining to civil cases. 134 Ill. 2d R. 660(b); see *Kerwood*, 44 Ill. App. 3d at 1046-47, 359 N.E.2d at 188.

■ Supreme Court Rule 303(a)(1) provides that the notice of appeal from final judgments "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." 155 Ill. 2d R. 303(a)(1). That time period may be extended for an additional 30 days "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time." 155 Ill. 2d R. 303(d).

■ The notice of appeal in this case was time-stamped April 16, 1999. Respondent asserts that this is not necessarily the actual filing date and that she should not lose her right to appeal on "little more than speculation about a filing date." However, there is nothing in the record to support her bald assertion that the date stamped on the notice of appeal was not the actual filing date, and it is clear that the notice, as filed, was outside the prescribed 30-day limit. 155 Ill. 2d R. 303(a)(1). It is also clear that respondent had no posthearing petition pending in the circuit court and that she did not file a motion to extend the filing period. 155 Ill. 2d R. 303(d). Under these circumstances, we find that respondent failed to invoke the jurisdiction of this court and that her appeal must be dismissed. *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 151, 632 N.E.2d 1010, 1013 (1994).

In reaching that conclusion, we have considered, but are not persuaded, that the remedial measures proposed by respondent allow this court to ignore our lack of jurisdiction. As noted, a reviewing court has no jurisdiction over an appeal in the absence of a properly filed notice of appeal (*County Treasurer*, 308 Ill. App. 3d at 39, 719 N.E.2d at 147), nor authority to excuse compliance with the filing requirements of the rules of the supreme court that govern appeals. *Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1012.

Although Supreme Court Rule 366 allows a reviewing court to "exercise all or any of the powers of amendment of the trial court" and to "enter any judgment and make any order that ought to have been given or made" (155 Ill. 2d Rs. 366(a)(1), (a)(5)), we do not find the authority granted therein so broad as to allow an appellate court to correct respondent's failure to comply with the filing requirements of Rule 303. *In re M.S.*, 210 Ill. App. 3d 1085, 569 N.E.2d 1282 (1991), cited by respondent, is distinguishable in that the tardy filing in that case was attributable to the trial court clerk. No comparable fault or error is evident here. Nor do we find that Supreme Court Rule 362(f) provides authority for this court to *sua sponte* amend the filing date of the notice, thereby excusing compliance with the filing rules of the supreme court that govern this civil appeal. *Mitchell*, 158 Ill. 2d at 150, 632 N.E.2d at 1012.

Accordingly, we conclude that we are without jurisdiction to

entertain the appeal due to respondent's failure to file a timely notice of appeal from the termination hearing order, and we therefore dismiss the appeal.

Appeal dismissed.

CAMPBELL, P.J., and BUCKLEY, J., concur.