NOTICE

Decision filed 05/03/17. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2017 IL App (5th) 160482

NO. 5-16-0482

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| *In re* Lu. S. and Le. S., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Bond County. |
| | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-JA-4 |
| | ) | |
| D.S., | ) | Honorable |
| | ) | Ronald R. Slemer, |
|     Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Presiding Justice Moore and Justice Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    D.S. (Mother) appeals the termination of her parental rights. Because we lack jurisdiction to review this cause, we must dismiss her appeal.

¶ 2    A petition for adjudication of wardship was filed in Bond County circuit court on May 11, 2015, against Mother alleging that the minors, Lu. S. and Le. S., were neglected based on an injurious environment created by the domestic violence of their parents. The petition further alleged that the minors were abused and neglected by Mother based on mental health issues, a prior conviction for a homicide involving her first child in 1995,

and the inability to make viable decisions concerning the care and welfare of the children. On June 29, 2015, the minors were adjudicated abused and neglected. On April 25, 2016, the State filed a petition to terminate the parental rights of Mother with the power to consent to adoption to be granted to the Department of Children and Family Services. Mother subsequently was found unfit on May 23, 2016. Following the completion of the best interests hearing on September 7, 2016, the trial court issued a written order on September 9, 2016, granting the State's petition to terminate Mother's parental rights.

¶ 3    Mother filed no posttrial motion, no appeal within 30 days of the trial court's order, and no motion to extend the time to file a late notice of appeal. A notice of intent to appeal was filed on behalf of Mother on November 7, 2016, 59 days after entry of the final judgment. Illinois Supreme Court Rule 660(b) (eff. Oct. 1, 2001) provides that all appeals from final judgments under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2014)), except in cases of juvenile delinquency, are governed by the rules applicable to civil cases. See also *In re Janira T.*, 368 Ill. App. 3d 883, 891, 859 N.E.2d 1046, 1053 (2006); *In re C.J.*, 325 Ill. App. 3d 502, 504, 758 N.E.2d 335, 336 (2001). To properly perfect an appeal in a civil case, under Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015), the notice of appeal must be filed within 30 days after entry of the final order, unless an extension of the 30-day time limit is granted under subsection (d) of the rule "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time." Ill. S. Ct. R. 303(d) (eff. Jan. 1, 2015). See also *In re C.J.*, 325 Ill. App. 3d at 505, 758 N.E.2d at 336. An order terminating parental rights is a final and

appealable order. *In re A.H.*, 207 Ill. 2d 590, 595, 802 N.E.2d 215, 218 (2003). Here, no appeal was filed within 30 days of the entry of the written order.

¶ 4     As the State points out, the record does not show that Mother was admonished of her rights to appeal. We have found no authority that specifically addresses what admonishments should be given in this situation. With respect to appeal admonishments under Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001), however, we do note that the untimely filing of a notice of appeal is not excused where the appeal admonishments were deemed faulty. See *In re J.T.*, 221 Ill. 2d 338, 346, 851 N.E.2d 1, 6 (2006). Therefore, we do not believe that the failure of the record to show that Mother was admonished of her appeal rights should change the outcome under the circumstances presented here. Mother did file an appeal but not in a timely manner, despite having other avenues available for filing a late appeal.

¶ 5     We are cognizant that Illinois Supreme Court Rule 305(e) (eff. July 1, 2004) grants an automatic stay for 60 days after entry of the order terminating the parental rights of any person in a proceeding initiated under the Juvenile Court Act of 1987. The rule further provides: "If notice of appeal is filed with respect to the termination order within the 60 days, the automatic stay shall continue until the appeal is complete or the stay is lifted by the reviewing court. If notice of appeal is not filed within the 60 days, the automatic stay shall expire." Ill. S. Ct. R. 305(e)(1) (eff. July 1, 2004). Prior to the effective date of the rule as it stands now, an aggrieved party whose parental rights had been terminated had to apply to the circuit court, or to the appellate court, for a stay of the termination order. See Ill. S. Ct. R. 305(d) (eff. Feb. 1, 1994). Nowhere in the current rule

does it state that the parent whose rights have been terminated under the Juvenile Court Act has the right to appeal within 60 days, as opposed to 30 days. The rule provides only that the order terminating parental rights is automatically stayed for 60 days before the minor can be adopted, presumably to allow for the usual 30-day appeal plus the 30-day late notice of appeal. The logic behind the automatic stay is clear. First, the stay removes any subjectivity from the application for the stay to the circuit or appellate court. Second, the automatic stay prevents the possibility that a minor is adopted and then the adoption is set aside after appellate review. Again, Rule 305(e) does not contain any language allowing for the appeal period to be extended past the 30 days. Allowing 60 days in which to file an appeal is inconsistent with Illinois Supreme Court Rule 307(a)(6) (eff. Jan. 1, 2016), which requires that an appeal terminating parental rights under the Adoption Act (750 ILCS 50/0.01 *et seq.* (West 2014)) be filed within 30 days. Had the supreme court intended to carve out an exception to the 30-day rule that is applicable to every other civil appeal, surely the court would have included specific language to that effect. The rule, however, has no such language, and we will not extend the right to appeal where no basis for doing so exists.

¶ 6 In light of the foregoing, Mother did not file a timely notice of appeal or any motion requesting leave to file a late notice of appeal. Accordingly, Mother failed to invoke the jurisdiction of this court, and we must, therefore, dismiss her appeal for want of appellate jurisdiction.

¶ 7 We note that pursuant to Illinois Supreme Court Rule 311(a)(5) (eff. Feb. 26, 2010), our decision in this case was to be filed on or before April 6, 2017, absent good

4

cause shown. The briefing schedule was delayed, however, when Mother sought and received extensions of time in which to file the record on appeal as well as her brief. As a result, the cause was not fully briefed until the filing date of the decision. Consequently, we find that good cause exists for issuing our decision after April 6, 2017.

¶ 8     Appeal dismissed.

2017 IL App (5th) 160482

NO. 5-16-0482

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* Lu. S. and Le. S., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Bond County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-JA-4 |
| | ) | |
| D.S., | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Respondent-Appellant). | ) | Judge, presiding. |

**Opinion Filed:**     May 3, 2017

**Justices:**     Honorable Judy L. Cates, J.

Honorable James R. Moore, P.J., and
Honorable David K. Overstreet, J.,
Concur

**Attorney
for
Appellant**     Anthony E. Dos Santos, Reilly Law, P.C., 241 North Main Street,
Suite 100, Edwardsville, IL 62025

**Attorneys
for
Appellee**     Hon. Christopher Bauer, State's Attorney, Bond County Courthouse,
200 West College Street, Greenville, IL 62246; Patrick Delfino,
Director, David J. Robinson, Acting Deputy Director, Patrick D. Daly,
Staff Attorney, Office of the State's Attorneys Appellate Prosecutor,
730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL
62864