2018 IL App (2d) 160361
No. 2-16-0361
Opinion filed November 28, 2018

_____

## IN THE

## APPELLATE COURT OF ILLINOIS

## SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-3036 |
| PABLO RODRIGUEZ-PALOMINO, | ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Hudson and Justice Birkett concurred in the judgment and opinion.

## OPINION

¶ 1    Following a jury trial in the circuit court of Lake County, defendant, Pablo Rodriguez-Palomino, was found guilty of three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)) and nine counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)). The trial court sentenced defendant to life for each count of predatory criminal sexual assault of a child and seven years for each count of aggravated criminal sexual abuse. The trial court ordered the sentences for predatory criminal sexual assault of a child to be served consecutively. The trial court ordered the sentences for aggravated criminal sexual abuse to be served consecutively to one another but concurrently with the sentences for predatory criminal sexual assault of a child. The offenses were committed against three victims: T.M., K.S., and

R.A. Two counts of predatory criminal sexual assault of a child and three counts of aggravated criminal sexual abuse were crimes against R.A. Defendant argues on appeal that the State failed to prove beyond a reasonable doubt that he was guilty of the crimes against R.A. Defendant also argues that the trial court erred in ordering the sentences for aggravated criminal sexual abuse to be served consecutively. We cannot reach these arguments, however, because we lack jurisdiction.

¶ 2 It is well established that "[t]he timely filing of a notice of appeal is required to vest the appellate court with jurisdiction." *People v. Terefenko*, 2014 IL App (3d) 120850, ¶ 15. Illinois Supreme Court Rule 606(a) (eff. Dec. 11, 2014) provides, "If the defendant so requests in open court at the time he is advised of his right to appeal or subsequently in writing, the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant." Subject to exceptions that do not apply here, Illinois Supreme Court Rule 606(b) (eff. Dec. 11, 2014) provides that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." If the thirtieth day is a Saturday, a Sunday, or a legal holiday, the notice of appeal will be due on the next day that is not a Saturday, a Sunday, or a legal holiday. 5 ILCS 70/1.11 (West 2016). The final judgment in a criminal case is the sentence. *People v. Vara*, 2018 IL 121823, ¶ 14.

¶ 3 Under certain circumstances, Illinois Supreme Court Rule 606(c) (eff. Dec. 11, 2014) permits a reviewing court to extend the time for filing the notice of appeal. That rule provides:

"On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that

there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." *Id.*

¶ 4　Defendant was sentenced on April 15, 2016. He was represented by private counsel. After the trial court advised defendant of the right to appeal, his attorney stated, "Judge, can we ask the clerk [to] prepare a notice of appeal and have the Appellate Defender appointed?" The trial court responded, "You can ask the clerk to prepare a notice of appeal, but based on what I have heard so far [defendant] is not indigent." Defendant's attorney indicated that defendant's Social Security benefits might be reduced because of his conviction. The trial court offered defendant's attorney time to research the question. Defendant's attorney indicated that he would need a couple of weeks to do so. He added, "We will wait on the notice of appeal until we decide that issue." The trial court continued the case until May 17, 2016, "for filing of a notice of appeal and for the Court to consider appointment of the Appellate Defender." Defendant filed his notice of appeal on May 17, 2016.

¶ 5　The thirtieth day after defendant was sentenced was May 15, 2016. That day was a Sunday, so defendant's notice of appeal was due on May 16, 2016. Thus, defendant's notice of appeal was one day late. On December 14, 2016, defendant filed a motion in this court to treat the notice of appeal as timely filed on April 15, 2016. Defendant argued that the appeal "should be considered to have been timely perfected" because "[t]rial counsel requested that the clerk be directed to file a notice of appeal." Defendant contended that, "[h]ad the clerk promptly complied, the appeal would have been timely perfected." Citing *In re M.S.*, 210 Ill. App. 3d

1085, 1092 (1991), defendant contended that "where a trial court has ordered the circuit clerk to file a notice of appeal at the defendant's request, but the clerk fails to comply, the defendant cannot be charged with responsibility for the delay in filing."

¶ 6    Over the State's objection, we granted defendant's motion. In its brief, the State renews that objection and argues that, because the notice of appeal was untimely, this appeal should be dismissed for lack of jurisdiction. Our order granting defendant's motion was not final, and we are not bound by it. *Cf. In re C.J.*, 325 Ill. App. 3d 502, 503-04 (2001) ("The denial of a contested motion to dismiss an appeal before briefing and argument is not final and may be revised at any time before the disposition of the appeal."). Upon further consideration of the issue, we conclude, for the reasons set forth below, that defendant's motion should have been denied.

¶ 7    In *People v. Salem*, 2016 IL 118693, ¶ 1, the defendant filed notices of appeal from convictions in two separate cases. In one case, the defendant filed his notice of appeal slightly more than two months after he was sentenced. In the other case, the defendant filed his notice of appeal 36 days after he was sentenced. *Id.* ¶ 6. The defendant argued, *inter alia*, that the notices of appeal should have been considered timely because they were filed within the period during which a defendant may file a Rule 606(c) motion to extend the time for filing a notice of appeal. In support of that argument, the defendant cited *People v. Williams*, 59 Ill. 2d 243 (1974), and *People v. Brown*, 54 Ill. 2d 25 (1973). The *Salem* court concluded that those cases were inapposite:

"Neither of [those] cases turns on the fact that the late appeals were filed within the time period set forth in [Rule 606(c)]. In fact, the majority opinion in *Brown* makes no mention of Rule 606(c). Instead, the court in *Brown* held that the appellate court abused

its discretion in dismissing the appeal on its own motion, because the trial court had failed to advise the defendant of his right to appeal and at least two years had passed during which the court had accepted briefs from each party and heard oral arguments. [Citation.]  Furthermore, the court considered the defendant to have made a motion for leave to file a late appeal in his petition for rehearing.  [Citation.]  The court in *Williams* relied on the holding in *Brown* and also concluded that the appellate court abused its discretion given the 'exceptional circumstances' of the situation.  [Citation.]"  *Salem*, 2016 IL 118693, ¶ 17.

¶ 8    The *Salem* court also rejected the defendant's argument that his failure to adhere to Rule 606(b) should have been excused.  The court explained that "[t]he appellate court had no discretion to forgive defendant's failure to comply with the rule."  *Id.* ¶ 19.  The court added, " '[T]he appellate and circuit courts of this state *must* enforce and abide by the rules of this court.  The appellate court's power "attaches only upon compliance with the rules governing appeals." ' (Emphasis in original.)  [Citation.]"  *Id.*  The court also cited *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009), which stated that the appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals.

¶ 9    *Brown* and *Williams* do not apply here.  In both cases, the defendants were not advised of the time to file a notice of appeal.  Here, defendant has not challenged the admonition he received regarding his right to appeal,[1] and he has therefore forfeited any such challenge.  Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

_____

[1] As it turns out, the admonition was flawed.  The trial court advised defendant that he had 30 days to file "a written notice asking this Court to reconsider the sentence or otherwise

¶ 10    No supreme court rule permits us to deem defendant's late notice of appeal to have been filed on an earlier date. Rule 606(c) sets forth the procedure by which an appellant may move for an extension of time within which to file a notice of appeal. However, the appellant must do so within six months after the expiration of the time for filing the notice of appeal. Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014). Here, defendant did not file a Rule 606(c) motion; he moved to have his notice of appeal considered timely. Even if defendant's motion could be deemed a Rule 606(c) motion, it was untimely filed more than six months after the notice of appeal was due. We lack "authority to excuse compliance with the filing requirements of the rules of the supreme court that govern appeals." *In re C.J.*, 325 Ill. App. 3d at 505 (court would not excuse compliance with appeal rules by amending filing date of notice of appeal that was filed one day too late, even though court had previously granted a motion to treat the notice of appeal as timely filed).

---

attacking what's taken place." The trial court further admonished defendant that, if the motion were denied, he would have 30 days to file a notice of appeal. The trial court did not advise defendant that if he decided to forgo filing a motion to reconsider his sentence he would have to file a notice of appeal within 30 days after the sentence was imposed. Theoretically, that omission could have created the impression that defendant could not appeal without first moving to reconsider his sentence. However, that concern does not apply here. Defendant's attorney initially requested that the notice of appeal be filed on the day defendant was sentenced. Although he withdrew the request, he clearly understood that a motion to reconsider defendant's sentence was not a prerequisite to an appeal. To the extent that *Brown* and *Williams* give us "discretion" to permit a late notice of appeal that is attributable to a flaw in the trial court's admonition, defendant's late notice of appeal was not attributable to the flaw here.

¶ 11    Defendant blames the trial judge for his failure to file a timely notice of appeal. Defendant contends:

> "The judge here set the case for May 17, 2016, even though the defense had requested that a notice of appeal be filed on the same day as sentencing, April 15, 2016. In other words, the judge set the case for over 32 days after sentencing to deal with an issue that the judge wanted to resolve prior to allowing the defense to file a notice of appeal. As in *People v. Sanders*, 40 Ill. 2d 458, 461 (1968), the trial judge was on notice that the defendant wanted to appeal, and it was only by the trial judge's action/inaction that the notice of appeal was not filed on April 15, when requested."

The argument is meritless. Although defendant's attorney initially requested that the clerk file a notice of appeal, he withdrew that request, stating, "We will wait on the notice of appeal until we decide that [indigency] issue." Contrary to defendant's argument, the trial judge never expressed any unwillingness to permit defendant to file the notice of appeal on April 15, 2016.

¶ 12    In *Sanders*, our supreme court reversed the denial of the defendant's motion to file a late notice of appeal. The court held that "where, as here, a defendant who is convicted of a misdemeanor indicates in some manner his desire to appeal his conviction, it is the duty of the trial judge to fully advise the defendant of any such rights he may have." *Sanders*, 40 Ill. 2d at 461. The court also held that, because "the defendant had in open court indicated his desire to appeal his conviction *** it was, therefore, the duty of the trial court clerk to prepare and file the proper notice of appeal." *Id.* at 462. The court concluded that "the failure of the trial court clerk to prepare and file defendant's notice of appeal provided reasonable excuse for the defendant's failure to file his own notice of appeal on time and *** therefore, the appellate court erred in dismissing defendant's motion requesting leave to file a late appeal." *Id.* Unlike *Sanders*, this is

not a case in which the clerk of the court was derelict in his or her duty to file defendant's notice of appeal. As noted, defendant's attorney withdrew his request that the clerk file the notice of appeal.

¶ 13    For the foregoing reasons, we conclude that defendant's notice of appeal should not be considered to have been filed on April 15, 2016. The notice of appeal was not timely filed, and we therefore lack jurisdiction and must dismiss this appeal. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 14    Appeal dismissed.