2020 IL App (1st) 171552-U

FOURTH DIVISION
February 13, 2020

No. 1-17-1552

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Respondent-Appellee, | ) ) | |
| v. | ) ) | No. 12 CR 1034801 |
| JAMARQUES ROBINSON, | ) ) ) | |
| Petitioner-Appellant. | ) ) ) ) ) ) | Honorable Geary Kull, Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1　　*Held*:　Dismissing the matter for lack of jurisdiction where petitioner mailed his notice of appeal more than six months after the summary dismissal of his postconviction petition.

¶ 2　　Petitioner Jamarques Robinson appeals from the summary dismissal of his *pro se* petition

for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)).

On appeal, petitioner contends that the circuit court erred when it dismissed the petition because it set out the gist of a constitutional claim that he was denied his right to effective counsel during his trial. Specifically, petitioner asserts that his trial counsel was ineffective for failing to consult with him and explain the importance of the jury instructions and whether he would have to testify based on the instruction that would be presented to the jury. For the reasons that follow, we lack jurisdiction to consider this appeal.

¶ 3                                    BACKGROUND

¶ 4    Following a jury trial, petitioner was convicted of first degree murder and was sentenced to 30 years' imprisonment. This court affirmed petitioner's conviction and sentence in *People v. Robinson*, No. 1-14-2822 (unpublished order pursuant to Illinois Supreme Court Rule 23). Subsequently, on August 16, 2016, petitioner filed a *pro se* petition for postconviction relief. The circuit court summarily dismissed the petition as frivolous and patently without merit on September 30, 2016. Thereafter, on October 7, 2016, the clerk of the circuit court of Cook County forwarded a copy of the order to petitioner pursuant to section 122-2.1(a)(2) of the Act and Supreme Court Rule 651(b) (eff. Feb. 6, 2013) ("[u]pon the entry of a judgment adverse to a petitioner in a postconviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice" of the court's order). The notice accompanying the copy of the order informed petitioner that "[t]o preserve your right to appeal you must file a notice of appeal in the trial court within thirty (30) days from the date the order was entered."

¶ 5    On April 23, 2017, more than six months later, petitioner mailed his notice of appeal to the clerk's office of the first district appellate court along with a letter.[1] The record contains a

---

[1] We observe that included with petitioner's notice of appeal was a letter directed to "to whom this may concern." The letter stated that "[e]nclosed is a new notice of appeal" and set forth the explanation that the previous notice of appeal was mistakenly forwarded to the Office

letter from the clerk of the appellate court to petitioner indicating that the notice of appeal was received and forwarded to the circuit court of Cook County as a courtesy. The letter further advised petitioner that "[n]otices of appeal should be sent to the Clerk of the Circuit Court ONLY." The notice of appeal contains a file stamp from the circuit court of Cook County with a date of May 31, 2017.[2] This appeal followed.

¶ 6                                    ANALYSIS

¶ 7     Although neither party raises the issue of our jurisdiction, we have an independent duty to ascertain whether we have jurisdiction to hear the appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008); *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). A timely filed notice of appeal is mandatory to establish this court's jurisdiction. *Secura*, 232 Ill. 2d at 213. Illinois Supreme Court Rule 651(d) (eff. Feb. 6, 2013) provides that appeals in postconviction proceedings are governed by the rules applying to criminal appeals. Pursuant to Illinois Supreme Court Rule 606(b) (eff. Dec. 11, 2014) an appeal from a final judgment must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from.

¶ 8     In the case at bar, the circuit court summarily dismissed petitioner's postconviction petition on September 30, 2016. Thus, under Rule 606(b), petitioner's notice of appeal was required to be filed by October 31, 2016, as October 30, 2016, fell on a Sunday. Petitioner's

of the State Appellate Defender. There is no indication in the letter or in the record on appeal when this prior notice of appeal was mistakenly forwarded. Moreover, the April 23, 2017, notice of appeal is the only notice of appeal in the record.

   [2] We observe that the record contains a "criminal disposition sheet" dated June 27, 2017, and signed by the circuit court judge, which indicates in handwriting: "Late notice of appeal (L)[;] IAD Appointed[;] off call[.]" As set forth in our supreme court rules, a trial court cannot consider a motion for leave to file a late notice of appeal, such a request must be filed in the reviewing court. Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014).

notice of appeal indicates it was mailed on April 23, 2017, and was file-stamped by the clerk of the circuit court on May 31, 2017, more than 30 days after the summary dismissal of his petition. Thus, on its face, petitioner's notice of appeal appears to be untimely filed.

¶ 9     Rule 606(c), however, sets forth the certain circumstances where an appellant may obtain an extension of time to file a notice of appeal. Rule 606(c) provides, in pertinent part, as follows:

> "On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014).

Rule 606(c) thus sets forth two time frames from which a petitioner may request to file a late appeal: (1) within 30 days from the expiration of the time for filing the notice of appeal and (2) within six months of the expiration of the time for filing the notice of appeal. *Id.*

¶ 10    Petitioner did not file a motion for leave to file a late appeal within 30 days of October 31, 2016. Petitioner also did not file a motion for leave to file a late notice of appeal within six months of the summary dismissal order. Accordingly, petitioner has failed to comply with our supreme court rules and we lack jurisdiction to consider this matter.

¶ 11    Even assuming for the sake of argument that the letter attached to the April 23, 2017,

- 4 -

notice of appeal could be construed as a motion, we find it fails to meet the requirements set forth in Rule 606(c). Petitioner's letter states as follows:

> "To Whom this may concern
>
> Enclosed is a new notice of appeal.
>
> The reason being is that the last Notice of Appeal was sent to 203 N. LaSalle, 24th Floor (The Office of the State Appellate Defender) by accident. The Appellate Defender Office has been notified of my mistake. I informed their office to either forward the original copy of the notice of appeal to the clerk's office or send it back to me. That way a record will be established. At this present time my notice of appeal is not on file. I am past my deadline… Due to limited access to the law library, stress and the pressure of representing myself. A [*sic*] honest mistake was made. Can you please consider this Notice of Appeal on my behalf."

The letter was not notarized nor was there a sworn certification as provided in section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2016)). See Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014) ("However, when the appellant is filing the motion pro se from a correctional institution, the appellant may submit, in lieu of the affidavit referred to herein, a certification as provided in section 1-109 of the Code of Civil Procedure[.]").

¶ 12    Petitioner's letter fails to meet the requirements of Rule 606(c) on all fronts. First, it is not certified as required by section 1-109 of the Code of Civil Procedure. See Ill. S. Ct. R. 606(c) (eff. Dec. 11, 2014). Second, it is untimely as it was mailed more than six months after the September 30, 2016, summary dismissal. See *People v. Rodriguez-Palomino*, 2018 IL App (2d) 160361, ¶ 10 ("Even if defendant's motion could be deemed a Rule 606(c) motion, it was untimely filed more than six months after the notice of appeal was due."). Third, petitioner

failed to demonstrate there is merit to his appeal. Fourth, while petitioner's claim that he mistakenly mailed the notice of appeal to the Office of the State Appellate Defender may not rise to the level of culpable negligence, we do not know when the initial notice of appeal was sent. No copy of the initial notice of appeal is contained in the record. Without a copy of it in the record or, at a minimum, a sworn certification regarding the date it was initially attempted to be filed, we cannot say that petitioner's letter meets the requirements of Rule 606(c). Indeed, we lack "authority to excuse compliance with the filing requirements of the rules of the supreme court that govern appeals." *In re C.J.*, 325 Ill. App. 3d 502, 505 (2001) (court would not excuse compliance with appeal rules by amending filing date of notice of appeal that was filed one day too late, even though court had previously granted a motion to treat the notice of appeal as timely filed).

¶ 13 In sum, petitioner has failed to meet the requirements of Rule 606(c) and therefore we lack jurisdiction to consider this appeal. In so finding, we acknowledge that this is not an instance where petitioner's appeal involves claims against counsel for the failure to file a timely notice of appeal (see *People v. Ross*, 229 Ill. 2d 255, 271 (2008)) or for the circuit court's failure to timely provide him with notice of the summary dismissal of his postconviction petition (see *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003)). Petitioner also fails to claim that he was not advised of the time to file a notice of appeal. See *People v. Brown*, 54 Ill. 2d 25, 26 (1973); *People v. Williams*, 59 Ill. 2d 243, 246 (1974). Indeed, the record demonstrates that petitioner was provided with notice of his right to appeal. Thus, even construing petitioner's letter leniently, we cannot reasonably find it meets the requirements of Rule 606(c).

¶ 14 Importantly, this court has no discretion to forgive petitioner's failure to comply with our supreme court rules. *People v. Salem*, 2016 IL 118693, ¶ 19. As instructed by our supreme

court, "[T]he appellate and circuit courts of this state *must* enforce and abide by the rules of this court. The appellate court's power 'attaches only upon compliance with the rules governing appeals.' " (Emphasis in original.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005) (quoting *People v. Flowers*, 208 Ill. 2d 291, 308 (2003)); see also *Secura*, 232 Ill. 2d at 217-18 ("[T]he appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals."). For these reasons, we conclude we lack jurisdiction to consider this appeal.

¶ 15                                        CONCLUSION

¶ 16    The matter is dismissed for lack of jurisdiction.

¶ 17    Dismissed for lack of jurisdiction.