2020 IL App (1st) 190095-U
No. 1-19-0095

SIXTH DIVISION
April 10, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SKY RUST and ADAM RUST, | ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | 18 M1 125458 |
| | ) | |
| MOHAMMED A. KALISH, | ) | Honorable Yvonne Coleman, |
| | ) | Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Cunningham concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held:*   The appeal is untimely; dismissed for lack of jurisdiction.

¶ 2    Defendant, Mohammed Kalish, appeals *pro se* from the trial court's judgment against him and in favor of plaintiffs Sky and Adam Rust. On July 17, 2018, plaintiffs filed their complaint against Kalish, their landlord, arguing that Kalish only returned $1,500 of their $2,000 security deposit, and that he failed to pay them interest on their security deposit for three years as was required by the Chicago Residential Landlord Tenant Ordinance (Ordinance) (Chicago Municipal Code § 5-12-010 *et seq*.). Kalish responded that at the time of the lease, the building

was owner-occupied and therefore the Ordinance did not apply. On November 8, 2018, the case proceeded to trial. The trial court, after hearing testimony and arguments, entered a judgment in favor of plaintiffs and against Kalish in the amount of $4,400 plus costs.[1]

¶ 3    Kalish filed a motion to reconsider on November 29, 2018. On December 10, 2018, the trial court entered an order denying Kalish's motion to reconsider.

¶ 4    On December 20, 2018, Kalish filed a general motion that stated, "Judgment vacated. New Evidence."

¶ 5    On January 10, 2019, Kalish filed his notice of appeal from the December 10, 2018, judgment.

¶ 6    On February 6, 2019, Kalish withdrew his motion to vacate the judgment.

¶ 7    Plaintiffs first contend that we do not have jurisdiction to hear this appeal because Kalish's notice of appeal was not timely filed. We agree. Kalish does not respond to this argument.

¶ 8    Jurisdiction is conferred upon the appellate court only through the timely filing of a notice of appeal. *Berg v. Allied Security, Inc*., 193 Ill. 2d 186, 189 (2000). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Company v. Illinois Farmers Insurance Company*, 232 Ill. 2d 209, 213 (2009). Unless the appealing party has properly filed a notice of appeal, a reviewing court lacks jurisdiction over the appeal and must dismiss it. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Strict compliance with the supreme court rules governing the time limits for filing a notice of appeal is required, and neither a trial court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court rules. *Bell v. Hill*, 271 Ill. App. 3d 224, 228 (1995). When an

---

[1] There is no transcript of this trial in the record on appeal.

appeal is untimely, this court has no discretion to take any action other than to dismiss the appeal. *Id.*

¶ 9     Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), provides, "[t]he time for filing a notice of appeal shall be as provided in Rule 303." Rule 303 states that a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." Ill. S. Ct. R. 303(a)(1) (eff. Jul. 1, 2017). Section 1.11 of the Statute on Statutes, which governs the construction of Supreme Court Rules, provides that "the time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday ***." 5 ILCS 70/1.11 (West 2016).

¶ 10    Here, the circuit court entered the order appealed from on December 10, 2018. Kalish did not file a notice of appeal until 31 days later, on Thursday, January 10, 2019. See *In re C.J.*, 325 Ill. App. 3d 502, 506 (2001) (dismissing respondent's appeal from an order terminating her parental rights pursuant to Rule 303, as the notice of appeal was filed 31 days after final order was entered). Kalish did not present any evidence that would allow us to relax the timeliness requirement under the mailbox rule or a motion to extend the deadline, or under any other exception. See Ill. S. Ct. R. 373 (eff. Jul. 1, 2017) (providing that time of filing for notice of appeal received after due date to be the date the notice was mailed); Ill. S. Ct. R. 303(d) (eff. Jul. 1, 2017) (allowing extension of time to file a notice of appeal in certain circumstances.) Without a timely notice of appeal, this court lacks jurisdiction.

¶ 11    Additionally, we note that Kalish's filing of a successive posttrial motion on December 20, 2019, did not toll the time limit for filing a notice of appeal. *Gibson v. Belvidere National*

*Bank & Trust Company*, 326 Ill. App. 3d 45, 49 (2001) (successive posttrial motions, that attack a final judgment, do not toll the time to file a notice of appeal). See also Illinois Supreme Court Rule 303(a)(2) (eff. Jul. 1, 2017), which provides that "[n]o request for reconsideration of a ruling on a post-judgment motion will toll the running time within which a notice of appeal must be filed under this rule"; *Dus v. Provena St. Mary's Hospital*, 2012 IL App 2d 091064, ¶¶ 12, 14, 16 (a motion to reconsider a ruling on a timely posttrial motion will not toll or extend the time for filing an appeal, regardless of when such a motion was filed).

¶ 12    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 13    Dismissed.