2022 IL App (1st) 210745-U

No. 1-21-0745

Order filed June 15, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MEEGAN HAWTHORNE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 50034 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and EVERGREEN LIVING & | ) | |
| REHAB CENTER, LLC c/o PERSONNEL PLANNERS | ) | |
| DAVID PROSNITZ, | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss plaintiff's appeal for lack of jurisdiction where plaintiff filed her notice of appeal more than 30 days after the circuit court's decision.

¶ 2    Plaintiff Meegan Hawthorne appeals *pro se* from an order of the circuit court affirming the

decision of the Board of Review (Board) of the Illinois Department of Employment Security

(IDES). The Board affirmed the IDES referee's dismissal of plaintiff's appeal of the claims adjudicator's denial of unemployment insurance benefits, which she filed more than 30 days after the determination was mailed. In this appeal, plaintiff argues that the circuit court erred in affirming the Board's decision because her appeal from the denial of benefits was delayed due to the COVID-19 pandemic. We dismiss for lack of jurisdiction.

¶ 3    The following facts are gleaned from the administrative record, which includes the notice of plaintiff's claim, the claims adjudicator's determination and plaintiff's appeal therefrom, a transcript from the telephone hearing before the referee, the referee's decision, the Board's decision, defendant's *pro se* complaint for administrative review, and the circuit court's order affirming the Board's ruling.

¶ 4    In November 2019, plaintiff filed an application for unemployment benefits asserting that she had been laid off from her job at Evergreen Living & Rehab Center, LLC, on September 13, 2019. Following an investigation, a claims adjudicator determined that plaintiff was ineligible for benefits because she left work "voluntarily without good cause attributable" to her employer. The determination was mailed on March 31, 2020, and advised plaintiff that she could submit an appeal within 30 days.

¶ 5    On September 4, 2020, plaintiff filed a "request for reconsideration/appeal," arguing that she did not voluntarily leave her employment.[1] Plaintiff contended that on September 13, 2019,

---

[1] The record also contains a two-page document containing a fax cover sheet dated June 19, 2020, with plaintiff's name and the comment "request for consideration/appeal" and a single page medical record "progress note" for an unnamed patient. The fax cover sheet lists a claimant identification number that is different from the claimant identification number associated with the present appeal. The record does not disclose whether this document relates to the present appeal.

during a physical examination, she was "informed" that her lung had collapsed, "rushed to the emergency room," and hospitalized. Plaintiff attached her hospital records to the appeal.

¶ 6 During a telephone hearing on October 8, 2020, the referee informed plaintiff that she filed her appeal of the Department's determination five months late. Plaintiff stated that she faxed "paperwork" on May 21, 2020, but the referee informed her that even so, the appeal still would have been "21 days late." The referee dismissed plaintiff's appeal and provided her appeal rights.

¶ 7 In a decision mailed to plaintiff on October 9, 2020, the referee advised that she lacked jurisdiction to hear the appeal pursuant to section 800 of the Unemployment Insurance Act (Act) (820 ILCS 405/800 (West 2020)), because plaintiff did not file her appeal within 30 days of the claims adjudicator's determination. The decision stated that plaintiff could appeal to the Board within 30 days.

¶ 8 Plaintiff mailed her appeal to the Board on November 5, 2020, and it was filed on November 10, 2020. Plaintiff contended that she left her employment due to a collapsed lung and hospitalization. She stated that she "faxed" paperwork, but was waiting for a response.

¶ 9 On December 17, 2020, the Board mailed its decision affirming the referee's dismissal. The Board concluded that the referee correctly dismissed plaintiff's appeal for lack of jurisdiction, and informed plaintiff that she must file her appeal to the circuit court within 35 days from the mailing date of the Board's decision.

¶ 10 On January 15, 2021, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County.

¶ 11    On May 25, 2021, the circuit court affirmed the Board's decision in a form order. The record does not contain a report of proceedings, and the order does not state the court's reasoning. Defendant did not file a postjudgment motion. She filed her notice of appeal on June 25, 2021.

¶ 12    On appeal, plaintiff argues that the circuit court erred by concluding that she was ineligible for unemployment benefits because she did not present proper documentation of her hospitalization. She alleges that she "planned to return to work," and a human resources director asserted that her paperwork was "not received" after "it was realized that [she] needed to work light duty."[2] Plaintiff further contends that the circuit court erred by ruling that she did not "turn in [her] paperwork by the deadline" because the "mail was delayed due to the COVID pandemic."

¶ 13    As an initial matter, we have an independent duty to consider our jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Absent a properly filed notice of appeal, the reviewing court has no jurisdiction over the appeal and must dismiss it. *Smith*, 228 Ill. 2d at 104.

¶ 14    "A final decision, order, or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." 735 ILCS 5/3-112 (West 2020). Under Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a)(1) (eff. July 1, 2017), a notice of appeal of a final judgment in a civil case must be filed within 30 days after the entry of the final judgment appealed from or entry of a timely postjudgment motion. An appellant may move the reviewing court for leave to file a late notice of appeal within 30 days of

---

[2] In her statement of facts, plaintiff notes that "Avantara Rehab Center" claimed she did not present adequate paperwork regarding her leave. The record on appeal does not contain information about Avantara Rehab Center or reveal its relationship to Evergreen Living & Rehab Center, LLC, employer.

the expiration of the time for filing a timely notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). A notice of appeal filed even one day late deprives the appellate court of jurisdiction. *In re C.J.*, 325 Ill. App. 3d 502, 505 (2001) (dismissing respondent's appeal where the notice of appeal was filed 31 days after final order was entered); see also *U.S. Bank National Association v. Fleming*, 2018 IL app 3d 170211-U (where notice of appeal was filed 31 days after the trial court's final order, the notice was untimely and the appellate court lacked jurisdiction to hear the appeal.)

¶ 15    Here, the record shows that the circuit court entered a final and appealable order on May 25, 2021, and plaintiff did not file a postjudgment motion. Plaintiff was required to file her appeal no more than 30 days from the circuit court's order, *i.e.*, on or before June 24, 2021. See Ill. S Ct. R. 303(a)(1) (eff. July 1, 2017); 5 ILCS 70/1.11 (West 2020) (when computing a statutory time requirement, the first day is excluded and the last day is included, although the last day and any successive day is excluded if it is a weekend or holiday). She filed her notice of appeal on June 25, 2021, one day after the deadline. Thus, her appeal is untimely. Additionally, plaintiff never sought leave with this court to file a late notice of appeal. As such, we lack jurisdiction over this matter and must dismiss the appeal. See *Smith*, 228 Ill. 2d at 104.

¶ 16    In so holding, we observe that effective September 1, 2020, our supreme court vacated its order of March 24, 2020, which had temporarily extended the period for filing notices of appeal in light of the pandemic. See *In re Illinois Courts Response to COVID-19 Emergency*, M.R. 30370 (Aug. 28, 2020). We lack authority to review any appeal filed beyond the 30-day deadline. See *In re C.J.*, 325 Ill. App. 3d at 505.

¶ 17    Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 18    Appeal dismissed.